UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRITO FLAVIO ESTANISLAO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-04130-SLD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

Before the Court are Petitioner Estanislao's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1; and his counsel's motion to withdraw as attorney, ECF No. 4. For the following reasons, Petitioner's request for relief is DENIED, and counsel's motion to withdraw GRANTED.

## BACKGROUND[1]

Estanislao, a Mexican national, was convicted of burglary in Cook County, Illinois, on August 22, 1990. He was deported on April 8, 1993. At some point thereafter, he illegally re-entered the country. He was convicted of domestic battery on March 28, 2002 in Cook County, and was again removed on August 2, 2002. At some point afterward he again illegally re-entered the country. He was convicted of drug offenses in Illinois in 2013 and 2014, and transferred to Immigrations and Customs Enforcement ("ICE") custody on August 28, 2014.

Estanislao was charged via federal indictment on September 23, 2014 with illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a), (b)(1), and (b)(2). Indictment,

---

[1] Citations to Petitioner's case of conviction, *United States v. Brito-Istanislau*, 4:14-cr-40067-SLD-1 (C.D. Ill. 2015), will be made in the form "CR ECF No. __." Unless otherwise noted, the facts related here are taken from the Revised Presentence Investigation Report ("PSR"), CR ECF No. 9, prepared in that case.

1

CR ECF No. 1. He pleaded guilty to that charge on December 4, 2014. Dec. 4, 2014 CR Minute Entry. The Presentence Investigation Report ("PSR"), CR ECF No. 9, calculated Estanislao's United States Sentencing Guideline ("USSG") range as follows: a base offense level of 8, 2014 USSG §2L1.2(a), PSR ¶ 15; a 12-level enhancement because he had been convicted of a crime of violence (the domestic battery), 2014 USSG §2L1.2(b)(1)(A)(ii), PSR ¶ 16; and a three-level reduction for acceptance of responsibility, 2014 USSG§3E1.1(a), PSR ¶¶ 22, 23; for a total offense level of 17, PSR ¶ 62; at a criminal history category IV, PSR ¶ 35; for a guideline range of 37 to 46 months, PSR ¶ 62. The statutory maximum sentence for a violation of 8 U.S.C. §§ 1326(a) and (b)(2) is 20 years. On April 16, 2015, he was sentenced to 37 months of imprisonment, with no supervised release to follow. Apr. 16, 2015 CR Minute Entry. Written judgment entered on the same date. Judgment, CR ECF No. 11.

Estanislao filed the instant motion on June 30, 2016. Because his motion purported to be based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Court appointed the Federal Public Defender for the Central District of Illinois to represent him. Jul. 1, 2016 Minute Entry. On August 23, 2016, the Federal Public Defender moved to withdraw on the ground that there was no legal basis to Estanislao's motion. Mot. Withdraw 1–2.

## DISCUSSION

I.    **Legal Standard on a Motion to Vacate Sentence Under 28 U.S.C. § 2255**

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced."). When presented with a § 2255 motion, a district court must hold an evidentiary hearing on the applicant's claim, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Additionally, if the judge examining the petitioner's application for relief does not dismiss the motion after preliminary review, she must order the United States attorney to file an answer or other responsive pleading within an appropriate period of time. S. 2255 R. 4(b).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner seeking to vacate his sentence typically has one year to do so, from the date upon which the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1). However, if the right he asserts has been newly recognized and made retroactively applicable by the Supreme Court to cases on collateral review, he has one year from the date the Supreme Court recognized the right. *Id.* § 2255(f)(3).

**II.    Analysis**

Estanislao seeks relief from his sentence on the ground that *Johnson*, which found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), void for vagueness, also requires that his 12-level guideline enhancement for having committed a crime

3

of violence be set aside. Pet. 2. However, his petition fails, partly for the reason that his counsel cites in seeking to withdraw.

Estanislao's petition, although coming more than a year after the judgment of his conviction became final, is nonetheless timely, because he seeks to rely on the new rule of law announced by *Johnson*, which was announced less than a year before he filed the petition. *Johnson* held that the ACCA's definition of a "violent felony," used for purposes of a sentencing enhancement under the statute, was partly void for vagueness under the Fifth Amendment. *Johnson*, 135 S.Ct. at 2557. The unconstitutionally vague portion describes a violent felony as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Estanislao's argument fails for at least two reasons. First, as counsel observes, the definition of "crime of violence" as the term was used by the version of USSG §2L1.2 applied to Estanislao, does not include a "residual clause" of the kind the Supreme Court found unconstitutional in *Johnson*. Second, as the Supreme Court has recently clarified, the guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Thus, even if the language in the guideline definition of "crime of violence" used to apply Estanislao's specific offense characteristic had been identical to the ACCA's language, it would not be subject to collateral attack. *Id.* Furthermore, because the record of the case conclusively shows that Estanislao is not entitled to relief, there is no need to hold an evidentiary hearing, nor to require a response from the government.

A petitioner may only appeal a district court's final order on a § 2255 proceeding if a certificate of appealability issues. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court enters a final order adverse to the

4

applicant, it must issue or deny a certificate of appealability. 2255 R. 11(a). A certificate of appealability will issue only for those matters upon which "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that reasonable jurists could not disagree that the sentencing guidelines applied to Estanislao were not unconstitutionally vague. No certificate shall issue.

## CONCLUSION

Accordingly, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, is DENIED, and counsel's motion to withdraw, ECF No. 4, is GRANTED. No certificate of appealability shall issue. The Clerk is directed to enter judgment and close the case.

Entered this 14th day of June, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
